The opinion of the Court was delivered by
Pocrili, J.
This is an application for a writ of prohibition and is predicated upon the following proceedings and facts:
Relator sued Mrs. Gullett in the Eighteenth Judicial District Court, Parish of Tangipahoa, for the recovery of seventy-five shares of stock of said Company, worth $7,500.
Defendant first excepted, on the ground that the plaintiff in that suit was not the real Gullett Gin Manufacturing Co., duly represented, hut a mere pretender, without power or capacity to stand in judgment, and she subsequently waived her exception and pleaded to the merits.
*761 With her answer she coupled a reconventional demand praying that an amendment to the original charter of the Company, adopted in January, 1881, under which the officers representing the corporation in the suit- were elected, be declared null and void, for reasons which it is not necessary to enumerate in this opinion ; and that the original charter, adopted in February, 1870, be declared as the sole legal charter of the corporation.
During the absence of the District Judge from the Parish, she presented a petition, made part of her reconventional demand, and obtained from the clerk of the court an injunction restraining the president and directors from doing certain acts alleged to be injurious to her interests and to her reconventional demand.
At the ensuing term of the court, the Relator herein moved for the dissolution of the injunction, on the ground that it had been illegally issued by the clerk, aud on a bond insufficient in amount; which motion was overruled by the lower court.
During the progress of the trial, plaintiff in the original suit objected' to the introduction of evidence in support of the reconventional demand, on the following grounds, substantially :
1. That the legal status of the plaintiff corporation and the legality of its amended charter could not be inquired into collaterally.
2. Want of proper parties necessary to the decision of such an issue.
3. That the defendant was estopped by many acts recognizing the existence of the corporation, from now denying its legal existence, and that she was further estopped by similar acts of her deceased husband, whom she now represents as administratrix.
4. The plea of Ms pendens by a suit pending in the United States Circuit Court.
To the ruling of the court disposing of said objections, plaintiff reserved a bill of exceptions.
Relator now charges that in maintaining the injunction, in entertaining the reconventional demand, and in admitting the testimony objected to, the defendant Judge has usurped jurisdiction, and that its only remedy is a writ of prohibition.
We have diligently searched the record for any .plea or objection on behalf of Relator, touching the jurisdiction of the lower court over the matters involved, or issues presented in the reconventional demand, and we have been unable to discover any such plea or objection, and the record contains no ruling of the District Judge on a point involving his right of jurisdiction.
The motion to dissolve the injunction was addressed to that court, the objection to the introduction of evidence on the reconventional *762 demand, on the grounds hereinabove enumerated, submitted to that court for decision questions of law and of practice which it was competent to decide, and neither the motion to dissolve, nor the objections urged, directly or indirectly denied the inherent jurisdiction of the court over the matters and issues discussed. And it is more than manifest that in case of a favorable ruling, Relator would not now complain of the alleged usurpation of jurisdiction or authority by the District Judge.
The case being appealable, all the rulings of the Judge on the points thus for submitted to his adjudication, will be reviewed on appeal.
It was competent for the Judge to pass upon all the pleas and objections submitted to his consideration in a case pending before his court, and if he erred, as charged, in maintaining a reconventional demand over all the legal' obstacles interposed by plaintiff, the injury is not irreparable, and his rulings do not involve the naked question of jurisdiction vel non.
Ithas been so frequently held by this Court, that it can now be considered as elementary, that a writ of prohibition will be granted only when “ there is a plain usurpation of authority or an arbitrary exercise of power on the part of the inferior court, and when the injury is actual or immediately impending.”
In the case of State ex. rel. Hernandez vs. Monroe, Judge, 33 A. 926, in which two District Courts were trying cases between the same parties, we refused our interference by prohibition, on the ground that the act of either court, in wrongfully maintaining jurisdiction, could be corrected on appeal.
After a careful review of the record in this case, we are more than convinced that to issue the writ herein prayed for would establish a most dangerous precedent, and would open the door to a premature examination by the court of preliminary rulings of inferior tribunals on many legal questions, not involving the inherent right of jurisdiction of such courts in the premises.
The court having undisputed jurisdiction of the main suit, was fully competent to entertain jurisdiction of the pleas and issues submitted in the reconventional demand, and the Judge’s rulings, whether right or wrong, on the legal propositions involved, cannot, in any contingency, be construed as the exercise of unwarranted authority, and do not present a question of jurisdiction which would justify the interference of this Court, at this stage of the proceedings.
The writ of prohibition prayed for is, therefore, refused, at Relator’s costs.
Levy, J., absent.